IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aquavious Ray, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>Cpl. Hopkins, Warden Williams, A/W )<br>Roberson, Capt. Tutt, )<br>)<br>        Defendants. )<br>_____ ) | Civil Action No. 9:22-cv-2642-BHH |

This matter is before the Court upon Aquavious Ray's ("Plaintiff") pro se civil action alleging a violation of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 23, 2023, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motion to dismiss. (*See* ECF No. 35.) Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of receiving a copy. After being granted an extension of time, Plaintiff filed objections on July 31, 2023. (ECF No. 42.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the Magistrate Judge explained that Plaintiff previously filed an action complaining of the same incident about which he complains in this action, and the Magistrate Judge noted that Plaintiff agreed to settle the prior action with Defendants and received $6,500.00 in exchange for a full release.  Accordingly, the Magistrate Judge agreed with Defendants that this action is subject to dismissal based on the affirmative defense of accord and satisfaction.  Additionally, the Magistrate Judge agreed with Defendants that Plaintiff's claims are barred by *res judicata* and by the statute of limitations.

Although Plaintiff filed objections to the Report, nowhere does Plaintiff specifically object to any portion of the Report, or in any way point to any factual or legal errors in the Magistrate Judge's analysis  Instead, Plaintiff merely rehashes his claims and admits that he accepted a settlement "to not bring this issue back up," but he claims that $6,500 was not fair and asks for a jury to hear his case.  (ECF No. 42 at 1.)

After review, the Court finds Plaintiff's objections unavailing, as they are non-specific in nature; they are unrelated to the legal issues analyzed in the Report; and they merely restate his claims.  In other words, Plaintiff's objections provide no basis for this Court to

deviate from the Magistrate Judge's recommended disposition. After review, the Court finds no clear error in the Magistrate Judge's Report and agrees with her findings that this action is subject to dismissal on the basis of (1) accord and satisfaction; (2) *res judicata*; and (3) the statute of limitations.

**Accordingly, it is hereby ORDERED that the Magistrate Judge's Report (ECF No. 35) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 42) are overruled; and Defendants' motion to dismiss (ECF No. 26) is granted.**

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 22, 2023
Charleston, South Carolina

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.